## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

**DAVID A. DANIEL,**

  Plaintiff,

v.

**HANCOCK COUNTY SCHOOL DISTRICT, RICHARD MAYWEATHER, TAMPA LEWIS, PATRICK L. WILLIAMS, and KENDREZ MAYWEATHER,**

  Defendants.

Civil Action No.  5:13-CV-390

## COMPLAINT

COMES NOW Plaintiff David A. Daniel, Plaintiff, and shows the Court the following for his Complaint against Defendants Hancock County School District, Richard Mayweather, Tampa Lewis, Patrick L. Williams, and Kendrez Mayweather:

### Parties

1.

Plaintiff David A. Daniel ("Mr. Daniel") is a citizen of the United States and he resides in Columbia County, Georgia.

2.

On October 14, 2011, Mr. Daniel was certified by the State of Georgia as an educator and was employed by the Warren County School District as a teacher and as the Head Coach of the Warren County High School football team.

3.

Defendant Hancock County School District ("the School District") is a corporate body having its principal place of business in Sparta, Hancock County, Georgia.

4.

The School District has established and it operates and maintains a public school system for the school-age children of Hancock County, Georgia.  Hancock Central High School ("Hancock Central) is one of the schools in the public school system established, operated and maintained by the School District.

5.

Defendant Richard Mayweather is a resident of Hancock County, Georgia.

6.

On October 14, 2011, Defendant Richard Mayweather was employed by the Hancock County Sheriff's Department as a deputy sheriff.

7.

Defendant Richard Mayweather was off-duty from his job as a deputy sheriff at the time of the incident that is the subject of this action.

8.

At the time of the incident that is the subject this action, Defendant Richard Mayweather was being paid by the School District to provide security at a football game between Hancock Central and Warren County.

9.

Even though he was off-duty from his job as a deputy sheriff at the time of the incident that is the subject of this action, Defendant Richard Mayweather was wearing a Hancock County

Deputy Sheriff uniform and was equipped with a gun, pepper spray and other items that had been issued to him in connection with his job as a deputy sheriff.

10.

At all times relevant to this case, Defendant Richard Mayweather was acting under color of state law.

11.

Defendant Richard Mayweather is being sued in his individual capacity only.

12.

Defendant Tampa Lewis ("Defendant Lewis") is a resident of Hancock County, Georgia.

13.

On October 14, 2011, Defendant Lewis was employed by the Hancock County Sheriff's Department as a deputy sheriff.

14.

Defendant Lewis was off-duty from his job as a deputy sheriff at the time of the incident that is the subject of this action.

15.

At the time of the incident that is the subject of this action, Defendant Lewis was being paid by the School District to provide security at a football game between Hancock Central and Warren County.

16.

Even though he was off-duty from his job as a deputy sheriff at the time of the incident that is the subject of this action, Defendant Lewis was wearing his Hancock County Deputy Sheriff

uniform and was equipped with a gun, pepper spray and other items that had been issued to Defendant him in connection with his job as a deputy sheriff.

17.

At all times relevant to this case, Defendant Lewis was acting under color of state law.

18.

Defendant Lewis is being sued in his individual capacity only.

19.

Defendant Patrick L. Williams ("Defendant Williams") is a resident of Hancock County, Georgia.

20.

On October 14, 2011, Defendant Williams was employed by the Hancock County Sheriff's Department as a deputy sheriff.

21.

Defendant Williams was off-duty from his job as a deputy sheriff at the time of the incident that is the subject of this action.

22.

At the time of the incident that is the subject of this action, Defendant Williams was being paid by the School District to provide security at a football game between Hancock Central and Warren County.

23.

Even though he was off-duty from his job as a deputy sheriff at the time of the incident that is the subject of this action, Defendant Williams was wearing his Hancock County Deputy

Sheriff uniform and was equipped with a gun, pepper spray and other items that had been issued to him in connection with his job as a deputy sheriff.

24.

At all times relevant to this case, Defendant Lewis was acting under color of state law.

25.

Defendant Lewis is being sued in his individual capacity only.

26.

Defendant Kendrez Mayweather is a resident of Hancock County, Georgia.

**Jurisdiction and Venue**

27.

This Honorable Court has original jurisdiction over this civil action because it arises under the laws of the United States.  28 U.S.C. § 1331; 42 U.S.C. § 1983; and 42 U.S.C. § 1988.

28.

This Honorable Court has supplemental jurisdiction over the state law claims that are made in this civil action because they are so related to the claims in this civil action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  28 U.S.C. § 1367.

29.

Venue is proper in the Macon Division of the United States District Court for the Middle District of Georgia because jurisdiction is not founded on diversity and a substantial part of the events and omissions giving rise to the claims in this action occurred in Hancock County, Georgia which is in the Macon Division of the Middle District of Georgia.

**Facts**

30.

Hancock County and Warren County are neighboring counties in Georgia.

31.

Hancock Central is the only public high school in Hancock County and Warren County High School is the only public high school in Warren County.

32.

On the evening of October 14, 2011, Hancock Central and Warren County High School ("Warren County") were scheduled to play each other in football at the football stadium on the campus of Hancock Central.

33.

On October 14, 2011, the School District had a practice and custom of failing to provide proper security for events such as football games and was deliberately indifferent to its need to provide proper security for such events.

34.

Consistent with its practice and custom, the School District, with deliberate indifference, failed to provide proper security for the October 14, 2011 football game between Hancock Central and Warren County.  Consistent with its practice and custom, the School District had an inadequate number of properly trained security personnel present, did not have a security plan in place for the game and it did not have a plan in place for the deployment of security personnel before, during or after the game.

35.

On October 14, 2011, the School District had a practice and custom of failing to properly train those who provided security for events such as football games and was deliberately indifferent to its need to provide proper training in security for those persons.

36.

Consistent with its practice and custom, the School District, with deliberate indifference, failed to provide proper training for those who provided security for the October 14, 2011 football game between Hancock Central and Warren County.  Consistent with its practice and custom, the School District provided those persons with no training on or before October 14, 2011 for the security needs of the event.

37.

On October 14, 2011, the School District had a practice and custom of failing to properly supervise those who provided security for events such as football games and was deliberately indifferent to its need to provide proper training for those persons.

38.

Consistent with its practice and custom, the School District, with deliberate indifference, failed to properly supervise those who provided security for the October 14, 2011 football game between Hancock Central and Warren County.  Consistent with its practice and custom, the School District failed to provide any supervision of those persons on October 14, 2011

39.

A rivalry existed between Hancock Central and Warren County as of October 14, 2011.

40.

Several events occurred before the October 14, 2011 football game between Hancock Central and Warren County football teams that intensified the rivalry between the two schools and caused the game to become a dangerous event. The School District knew of these knew of those events well before October 14, 2011 game. Some of those events are described herein.

41.

Marleau Blount was employed by the Warren County School District as a teacher and as the head coach of the Warren County football team at the beginning of the 2011 football season. Just hours before Warren County's first football game, Mr. Blount was removed from his head coaching responsibilities and Mr. Daniel was installed as Warren County's head football coach. Immediately thereafter, the School District offered Mr. Blount, and Mr. Blount accepted, a position as a teacher and as an assistant football coach for Hancock Central.

42.

On October 7, 2011, one week before the October 14, 2011 football game between Hancock Central and Warren County, Hancock Central played Washington-Wilkes High School ("Washington-Wilkes") in Washington, Georgia. The Warren County football team had a bye that night week and several members of the Warren County football team went to the football game between Hancock Central and Washington Wilkes. After the Hancock Central/Washington-Wilkes game, some members of the Hancock Central and Warren County footballs team became involved in verbal altercations with each other on the football field and near the Hancock Central dressing room. Law enforcement and school officials were required to intervene in order to stop the altercations. The altercation was so severe that at least one player had to be placed in handcuffs.

43.

Before the October 14, 2011 game, players from both teams taunted and threatened each other.

44.

The October 14, 2011 game between Hancock Central and Warren County was Hancock Central's "homecoming" game and a large crowd was present for the game.

45.

Despite the rivalry between the two schools and the events described above events, the School District, with deliberate indifference, and consistent with its policy and practice, failed to take the security measures that were needed for the October 14, 2011 game between Hancock Central and Warren County.

46.

Prior to the game, a Warren County law enforcement officer inquired of the School District prior to October 14, 2011 about the security that would be provided at the game. The School District advised the Warren County law enforcement officer that approximately twelve (12) officers from the Hancock Sheriff's Department and the Sparta Police Department would be at the game. No more than four (4) such officers were present for the game

47.

The game was played on October 14, 2011. At least one Hancock Central player was ejected from the game for fighting.

48.

Warren County won the game by a score of 21-2.

49.

The locker rooms for the both teams were in the same building, a field house adjacent to the football field.  Access to each locker was through doors that opened to the outside of the field house.  The door to the Warren County locker room was on one side of the field house and the door to Hancock Central's locker room was on another side of the field house.

50.

At the end of the game, the Warren County players left the field before the Hancock Central players but the Hancock Central players left shortly thereafter.

51.

As the Warren County players were leaving the field, several members of Hancock Central's band left the stands and ran toward the Warren County band, taunting and attempting to provoke them.  The members of Hancock Central's band kept running toward the Warren County band until the directors of the bands for both schools placed themselves between the two bands.

52.

The Hancock Central football players remained together on the field with their coaches while the Warren County players were leaving the field.  Mr. Daniel went to the Hancock Central players and told them that they had played a good game.  This angered some of the Hancock Central football coaches and players.

53.

When the Warren County players reached their locker room, the door was locked.  As a result, the Warren County players could not enter the locker room and had to remain outside.

54.

As the last of the Warren County players approached their locker room, Defendant Kendrez Mayweather and at least one other Hancock Central players were walking behind them and taunting them.  One of the Warren County players responded to the taunts by telling the Hancock County players to look at the scoreboard.  When the Warren County player said this, Defendant Kendrez Mayweather and other Hancock Central players ran toward the Warren County players.  In response to this, several Warren County players rushed toward their teammates and a fight ensued.  All of this occurred on the Warren County side of the field house just outside the Warren County locker room.

55.

Defendants Richard Mayweather, Lewis and Williams walked with the Hancock Central players as they left the football field.  Upon seeing the Hancock Central and Warren County players running toward each other, Defendants Richard Mayweather, Lewis and Williams, with deliberate indifference, ran to the front of the Hancock County players and began spraying the Warren County players with pepper spray.  The actions of Defendants Richard Mayweather, Lewis and Williams disabled the Warren County players but allowed the Hancock Central players to continue advancing and hitting the Warren County players.

56.

The deliberately indifferent conduct of Defendants Richard Mayweather, Lewis and Williams described in the preceding paragraph enhanced the risk that the Warren County players and their coaches, including Mr. Daniel, would be harmed and left the Warren County players and their coaches, such as Mr. Daniel, more vulnerable to foreseeable injury.

57.

The deliberately indifferent conduct Defendants Richard Mayweather, Lewis and Williams described above is fairly attributable to the School District.

58.

Daniel Spence was one of the Warren County players Defendants Richard Mayweather, Lewis and Williams sprayed with pepper spray.  Upon being pepper sprayed, Mr. Spence fell to the ground.  While Mr. Spence was on the ground, Defendant Kendrez Mayweather purposefully and intentionally struck Mr. Spence on the back of his head with a football helmet.

59.

After being struck on the back of his head, Mr. Spence attempted to get up.  As he was doing so, Defendant Kendrez Mayweather pulled his helmet back to strike Mr. Spence again.

60.

Seeing that Defendant Kendrez Mayweather was preparing to strike Mr. Spence again, Mr. Daniel got in front of Defendant Kendrez Mayweather and yelled, "What are you doing?'  Upon Mr. Daniel doing so, Defendant Kendrez Mayweather purposefully and intentionally struck Mr. Daniel in the face and head with the helmet.

61.

 Mr. Daniel sustained serious personal injuries as a result of being struck in the face and head with a helmet by Defendant Kendrez Mayweather on October 14, 2011.  Mr. Daniel's injuries include, but are not limited to a "blow out" of the bones surrounding Mr. Daniel's right eye.  Mr. Daniel was required to undergo extensive medical care many surgical procedures for injuries to his eyes.  Metal screws, metal plates and other devices had to be placed around Mr. Daniel's right eye during some of those procedures.  Those devices remain in Mr. Daniel's body.

Mr. Daniel's injuries also include a significant closed head injury.  Mr. Daniel has been received extensive treatment at the Shepherd Center's Brain Injury Rehabilitation Program in Atlanta, Georgia and has received other treatment for his closed head injury.

62.

The personal injuries Mr. Daniel sustained as a result of being struck in the face and head with a helmet by Defendant Kendrez Mayweather on October 14, 2011 are permanent in nature and have permanently impaired Mr. Daniel's ability to perform many major life activities including work.

63.

As a direct of proximate result of the deliberately indifferent conduct of Defendants Richard Mayweather, Lewis and Williams described above, Mr. Daniel was deprived of his liberty interest in bodily integrity protected by the 14th Amendment to the United States Constitution without due process of law.

64.

The School District's deliberately indifferent practice and custom of failing to provide proper security for events such as football games was the direct and proximate cause of the October 14, 2011 deprivation of Mr. Daniel's liberty interest in bodily integrity protected by the 14th Amendment to the United States Constitution without due process of law.

65.

The School District's deliberately indifferent practice and custom of failing to properly train those who provided security for events such as football games was the direct and proximate cause of the October 14, 2011 deprivation of Mr. Daniel's liberty interest in bodily integrity protected by the 14th Amendment to the United States Constitution without due process of law.

66.

The School District's deliberately indifferent practice and custom of failing to properly supervise those who provided security for events such as football games was the direct and proximate cause of the October 14, 2011 deprivation of Mr. Daniel's liberty interest in bodily integrity protected by the 14th Amendment to the United States Constitution without due process of law.

67.

The purposeful and intentional conduct Defendant Kendrez Mayweather was the direct and proximate cause of the serious personal injuries Mr. Daniel sustained on October 14, 2011.

68.

Mr. Daniel has incurred substantial medical expenses as a result of the serious personal injuries he sustained on October 14, 2011 and will incur additional medical expenses in the future as a result of those serious personal injuries.

69.

Mr. Daniel has lost substantial income as a result of the serious personal injuries he sustained on October 14, 2011 and will continue to lose income in the future as a result of those serious personal injuries.

70.

Mr. Daniel has experienced and will experience in the future physical, mental and emotional pain and suffering, inconvenience, and loss of enjoyment of life as a result of the serious personal injuries he sustained on October 14, 2011.

71.

The School District did not take any disciplinary action whatsoever against Defendant Kendrez Mayweather as a result of his conduct on October 14, 2011.

72.

The Georgia Professional Standards Commission has the authority to revoke or suspend the certification of an educator. While the School District did not take any disciplinary action against Defendant Kendrez Mayweather as a result of his conduct on October 14, 2011, the School District did file false charges against Mr. Daniel with the Georgia Professional Standards Commission and sought to have the Georgia Professional Standards Commission revoke or suspend Mr. Daniel's certification as an educator.

**Causes of Action**

**A.  Federal Law Claim – 42 U.S.C. § 1983**

73.

Mr. Daniel incorporates the allegations contained in paragraphs 1-72 above.

74.

Mr. Daniel is entitled to recover damages from the School District and from Defendants Richard Mayweather, Lewis and Williams pursuant to 42 U.S.C. § 1983 in an amount that will compensate him for

(a)  the October 14, 2011 deprivation of Mr. Daniel's liberty interest in bodily integrity protected by the 14th Amendment to the United States Constitution without due process of law;

(b)  the medical expenses Mr. Daniel has incurred and will incur in the future as a result of the serious personal injuries Mr. Daniel sustained on October 14, 2011;

(c)     the income Mr. Daniel has lost and will lose in the future as a result of the serious personal injuries Mr. Daniel sustained on October 14, 2011; and

(d)     the physical, mental and emotional pain and suffering, inconvenience, and loss of enjoyment of life Mr. Daniel has experienced and will experience in the future as a result of the serious personal injuries Mr. Daniel sustained on October 14, 2011.

75.

At the time of the occurrence, Defendants Richard Mayweather, Lewis and Williams knew that their deliberately indifferent conduct described above violated the United States Constitution.  Mr. Daniel is therefore entitled to recover punitive damages from Defendants Richard Mayweather, Lewis and Williams pursuant to 42 U.S.C. § 1983.

## B.  Federal Law Claim – 42 U.S.C. § 1988

76.

Mr. Daniel adopts and incorporates herein by reference each and every allegation made in paragraphs 1 – 75 above.

77.

Mr. Daniel is entitled to his reasonable attorney's fees from the School District and Defendants Richard Mayweather, Lewis and Williams as part of the costs in this action pursuant to 42 U.S.C. § 1988.

## C.  State Law Claims

78.

Mr. Daniel adopts and incorporates herein by reference each and every allegation made in paragraphs 1 – 77 above.

79.

Because of their negligent and deliberately indifferent conduct described above, Mr. Daniel is entitled to recover damages from Defendants Richard Mayweather, Lewis and Williams pursuant to Georgia law in an amount that will compensate Mr. Daniel for

(a)     the medical expenses Mr. Daniel has incurred and will incur in the future as a result of the serious personal injuries Mr. Daniel sustained on October 14, 2011;

(b)     the income Mr. Daniel has lost and will lose in the future as a result of the serious personal injuries Mr. Daniel sustained on October 14, 2011; and

(c)     the physical, mental and emotional pain and suffering, inconvenience, and loss of enjoyment of life Mr. Daniel has experienced and will experience in the future as a result of the serious personal injuries Mr. Daniel sustained on October 14, 2011.

80.

The conduct of Defendants Richard Mayweather, Lewis and Williams described above shows wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.  Mr. Daniel is therefore entitled to recover punitive damages from Defendants Richard Mayweather, Lewis and Williams pursuant to O.C.G.A. § 51-12-5.1.

81.

Because of his purposeful and intentional acts described above, Mr. Daniel is entitled to recover damages from Defendant Kendrez Mayweather in an amount that will compensate Mr. Daniel for

(a)     the medical expenses Mr. Daniel has incurred and will incur in the future as a result of the serious personal injuries Mr. Daniel sustained on October 14, 2011;

(b)    the income Mr. Daniel has lost and will lose in the future as a result of the serious personal injuries Mr. Daniel sustained on October 14, 2011; and

(c)    the physical, mental and emotional pain and suffering, inconvenience, and loss of enjoyment of life Mr. Daniel has experienced and will experience in the future as a result of the serious personal injuries Mr. Daniel sustained on October 14, 2011.

82.

Because of Defendant Kendrez Mayweather's purposeful and intentional acts described above, Mr. Daniel is entitled to recover punitive damages from Defendant Kendrez Mayweather pursuant to O.C.G.A. § 51-12-5.1.

### Demand for Jury Trial

Mr. Daniel demands a jury trial with respect to all issues so triable.

### Prayer for Relief

WHEREFORE, Plaintiff David A. Daniel respectfully prays for the following relief:

(a)    The issuance of process and service of process against each Defendant;

(b)    Judgment in Plaintiff's favor against Defendant that includes the following:

(i)    an amount that will compensate Mr. Daniel for

(a)    the medical expenses Mr. Daniel has incurred and will incur in the future as a result of the serious personal injuries Mr. Daniel sustained on October 14, 2011;

(b)    the income Mr. Daniel has lost and will lose in the future as a result of the serious personal injuries Mr. Daniel sustained on October 14, 2011;

(c)    the physical, mental and emotional pain and suffering, inconvenience, and loss of enjoyment of life Mr. Daniel has experienced and will experience

in the future as a result of the serious personal injuries Mr. Daniel sustained on October 14, 2011;

(ii)    with respect to Defendants Richard Mayweather, Lewis and Williams   and Defendant Kendrez Mayweather, punitive damages in an amount that will deter, penalize, or punish these Defendants in light of the circumstances of this case;

(c)    All costs of this action including, with respect to the School District and Defendants Richard Mayweather, Lewis and Williams, Mr. Daniel's reasonable attorney's fees; and

(d)    Such other relief that this Honorable Court deems just and proper.

Date:  October 13, 2014.

*s/Jerry A. Lumley*
Jerry A. Lumley
Georgia Bar No. 460866
Jerry A. Lumley, LLC
Post Office Box 27717
Macon, GA 31221
Telephone: (478) 471-1776
Facsimile: (478) 757-0675
Email: jerrylumley@att.net

*s/John Christopher Clark*
John Christopher Clark
*s/Michael M. Smith*
Michael M. Smith
Georgia Bar No. 661687
Clark & Smith Law Firm, LLP
3402 Vineville Avenue
Suite A
Macon, GA 31204
Telephone:  (478) 254-5040
Facsimile:  (478) 254-5041
Email:  chris@clarksmith.com
Email:  mike@clarksmith.com